# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of John Doe, by and through his parents, James Doe and Jane Doe,<br><br>Plaintiff,<br><br>v.<br><br>Saint Paul Conservatory for Performing Artists,<br><br>Defendant. | Civil No. 17-5032 (DWF/FLN)<br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

_____

Margaret O'Sullivan Kane, Esq., Kane Education Law, LLC, counsel for Plaintiff.

Christian R. Shafer, Esq., and Timothy A. Sullivan, Esq., Ratwik, Roszak & Maloney, PA, counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendant Saint Paul Conservatory for Performing Arts ("SPCPA"). (Doc. No. 16.) For the reasons set forth below, the Court grants the motion.

## BACKGROUND

SPCPA is a public charter school. (Doc. No. 1, Compl. ¶¶ 7-8.) Through its own policies, SPCPA prohibits harassment or violence on the basis of sex. (Compl. ¶ 30; Pl's

Ex. 3 at 25.)[1]  SPCPA policy imposes a 5-day suspension for a first offense and expulsion for a second offense with respect to the following behavior:

> Participating in or conspiring with others to engage in acts that injure, degrade, intimidate or disgrace other individuals, including indecent exposure, displaying pornography and words or actions that negatively impact and [sic] individual or group based on their racial, cultural or religious background, their sex, their sexual orientation, any disabilities, creed, national origin, marital status, status with regard to public assistance or age.

(*Id.* at 29.)

At all relevant times, Plaintiff John Doe, by and through his parents, James Doe and Jane Doe ("Plaintiff"), was a student enrolled at SPCPA. (Compl. ¶¶ 4, 6.) On or before October 9, 2017, three female students informed Dean Ilah Raleigh that Plaintiff had engaged in behavior that included: "[I]nappropriate touch: sitting too close, touching without permission, grabbing a student's leg near the crotch, licking a student's hand, grabbing a student from behind and groping." (Pl's Ex. 8 (Notice of Suspension).) According to the Notice of Suspension, the students verbally and non-verbally indicated that they wanted Plaintiff to stop, and in each case, Plaintiff allegedly escalated the behavior. (*Id.*)

---

[1]  Plaintiff's Exhibits are attached to Plaintiff's Complaint and specifically referenced therein. (Doc. No. 1, Exs. 1-9.) Thus, the Court may consider these exhibits at the motion to dismiss stage. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Plaintiff also filed these exhibits as part of the Kane Declaration, filed on November 2, 2017. (Doc. Nos. 2 & 8 (attaching the exhibits "appending to the Complaint").)

Dean Raleigh interviewed Plaintiff in her office. (Pl's Ex. 7 (Dean Raleigh Notes).) Dean Raleigh shared the details of the students' statements regarding Plaintiff's alleged inappropriate behavior with Plaintiff. (*Id.*) Specifically, Dean Raleigh read portions of the students' written reports and asked for Plaintiff's response. (*Id.*) Plaintiff initially denied the allegations. (Compl. ¶ 12.) Dean Raleigh noted that Plaintiff became upset and eventually acknowledged that he had contact with several girls, but that Plaintiff maintained that he was not aware that his behavior had bothered the students and that he thought he and the other students had been flirting. (Dean Raleigh Notes.) According to Dean Raleigh, Plaintiff admitted to "touching multiple female students" but denied other aspects of the students' allegations. (*Id.*) Dean Raleigh called Plaintiff's parents and told them Plaintiff was being disciplined for sexual harassment and that he had been suspended. (Compl. ¶ 15.) While Plaintiff was waiting for his parents to arrive, he spoke with his English teacher, Emily Johnson. (Compl. ¶ 14.) According to Johnson, Plaintiff stated that some students had accused him of sexual harassment and that he had been suspended. (Pl's Ex. 1.) According to Johnson, Plaintiff denied some of the allegations, but admitted to others and that he engaged in conduct that "made other students feel uncomfortable." (*Id.*)

Later on October 9, 2017, Dean Raleigh and Principal Delaney met with Plaintiff and his parents. (Compl. ¶ 15.) Dean Raleigh told Plaintiff's parents that Plaintiff had admitted to the conduct in question, but that she "subsequently learned from Plaintiff that he denied the allegations." (*Id.* ¶ 17.) Principal Delaney informed Plaintiff's parents that

3

Plaintiff would be suspended for three days. (*Id*. ¶ 15.) Also on October 9, 2017, Dean Raleigh sent Plaintiff's parents a written notice of the suspension, which included a factual basis for the suspension, plan for readmission, alternative educational services available during the suspension, and a copy of the Minnesota Pupil Fair Dismissal Act. (Compl. ¶ 29; Notice of Suspension.) Plaintiff was allowed to return to school on October 12, 2017. (*Id*.) Plaintiff's parents allege that they received the notice on October 12, 2017. (*Id*.) Plaintiff's parents kept him home from school until October 16, 2017. (Compl. ¶¶ 24, 27.) On that date, SPCPA met with Plaintiff and his parents to discuss his readmission. (*Id*. ¶¶ 24-26.) Plaintiff "was permitted to join his next class at the end of the meeting" on October 16, 2017. (*Id*. ¶ 26.)

Plaintiff denies that he engaged in inappropriate behavior. Plaintiff also asserts that he was not accorded minimal due process prior to his suspension and that his suspension "affirmed by acquiescence" the stigmatizing allegations of sexual harassment. Plaintiff maintains that he had the right to prior written notice of the allegations and an opportunity to be heard and understand the testimony that might be brought against him before being suspended. Plaintiff further asserts that after he was suspended, students from SPCPA took to social media repeating the allegations against him, writing open letters to him, and even threatening physical assault. (Compl. ¶ 21.) In addition, Plaintiff asserts that the students at SPCPA protested Plaintiff's return to school, and when he did return, he was subjected to isolation and scorn and was stigmatized and ostracized. (*Id*.) On October 25, 2017, Plaintiff was confronted by both student and adult protesters in

4

front of the school, and Plaintiff asserts that no one from SPCPA contacted Plaintiff or his parents regarding the protests or assisted him while at school. (*Id.* ¶ 33.)

Plaintiff filed the present action, asserting three causes of action: (1) Education and Fourteenth Amendment Due Process, 42 U.S.C. § 1983; (2) Liberty Interest in Reputation and Fourteenth Amendment Due Process, 42 U.S.C. § 1983; and (3) Invasion of Privacy/Intrusion on Seclusion. (Compl.) Plaintiff previously moved for a preliminary injunction. (Doc. No. 28.) That motion was denied. (*Id.*) Defendant now moves to dismiss Plaintiff's Complaint in its entirety.[2]

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court deciding a motion to

---

[2] After the hearing on the present motion, Magistrate Judge Franklin L. Noel granted in part and denied in part Plaintiff's motion for leave to amend the Complaint, wherein Plaintiffs sought to add one count pursuant to Title IX of the Education Amendments of 1972 and one count of negligence. (Doc. No. 58.) The Magistrate Judge denied Plaintiff's request to add a claim under Title IX but allowed Plaintiff's request to add a claim of negligence.

5

dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp.*, 186 F.3d at 1079.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.  Due Process Claim Under 42 U.S.C. § 1983

In Count One of the Complaint, Plaintiff asserts a Fourteenth Amendment due process claim under § 1983. (Compl. ¶¶ 44-58.)[3] Specifically, Plaintiff alleges that SPCPA deprived him of his "fundamental and property interest in his education without minimum due process procedures, including but not limited to notice, an opportunity to be heard, and clear his name and education record." (*Id*. ¶ 46.) In addition, Plaintiff

---

[3]  In Count Two, Plaintiff also claims a violation of his "liberty interest in reputation and fourteenth amendment due process." (Compl. ¶¶ 59-69.) This claim is also based on the assertion that SPCPA failed to provide Plaintiff due process, including notice and an opportunity to be heard and to "clear his name." (*Id*. ¶ 61.)

claims that SPCPA's policies and procedures related to student suspension are vague and inadequate, and that he was entitled to "effective notice, to know the testimony to be presented, to be heard on the allegations and for a name-clearing hearing to contest the allegations." (*Id.* ¶ 47.) In addition, Plaintiff argues that the "infringement of [his] education rights far exceeds a three-day suspension, as the Plaintiffs have previously pled and argued" and that the suspension was "only the beginning of the damage." (Doc. No. 32 at 4.) For example, Plaintiff alleges that as a result of his suspension, he became the target of harassment, threats, and protests by his peers at school. In his opposition, Plaintiff submits that SPCPA failed to provide him due process in accordance with *Goss v. Lopez*, 419 U.S. 565, 581 (1975).

A student facing a short-term suspension is entitled to due process protection. *Goss*, 419 U.S. at 581. In the case of a suspension of ten days or less, the following due process must be provided: (1) the student be given oral or written notice of the charges against him; and (2) if he denies the charges, an explanation of the evidence the authorities have an opportunity to present his side of the story. *Id.* With respect to the required notice, there need not be a delay between the notice and time of the hearing. *Id.* In fact, the school disciplinarian may informally discuss the alleged misconduct with the student minutes after it allegedly occurred. *Id.* The student must be given the opportunity to explain his version of the facts, and must be told what he is accused of prior to having that discussion. *Id.* Indeed, an "informal give-and-take between the

student and disciplinarian" is sufficient due process for short-term suspensions. *Id*. at 584.

SPCPA has pointed to cases within the district that have described the due process requirements for short-term suspensions under *Goss* as "minimal." *See, e.g.*, *Achman v. Chisago Lakes Indep. Sch. Dist. No. 2144*, 45 F. Supp. 2d 664, 671 (D. Minn. 1999) (describing due process requirements as "minimal"); *Bystrom v. Fridley High Sch.*, 686 F. Supp. 1387, 1393 (D. Minn. 1987) (explaining that a three-day suspension required only an "informal give-and-take" between student and disciplinarian and that *Goss* requires "rudimentary" precautions); *Peterson v. Indep. Sch. Dist. No. 811*, 999 F. Supp. 665, 672-73 (1998) ("[T]he procedural prerequisites to a short suspension are not extensive."); *Reihm v. Engelking*, Civ. No. 06-293, 2007 WL 37799, at *7 (D. Minn. Jan. 4, 2007) (holding that due process was satisfied where a principal met with a student for less than ten minutes before suspending the student).

Here, Dean Raleigh interviewed Plaintiff prior to his suspension. Dean Raleigh informed Plaintiff about the allegations and read him portions of the report. This constitutes both "oral notice" and an "explanation of evidence" required by the Due Process Clause. *See Goss*, 419 U.S. at 581. In addition, Dean Raleigh allowed Plaintiff to respond to the allegations during the interview. And in responding, Plaintiff denied some allegations and provided context for others. *Id*. Thus, there was a "give-and-take" between SPCPA personnel and Plaintiff that allowed Plaintiff to state his view of the

facts. In addition, SPCPA conducted a second meeting with Plaintiff and his parents. The Court holds that under *Goss*, the process provided satisfies due process.[4]

Plaintiff also attempts to state a reputation-based due process claim. Plaintiff does have a protected liberty interest in his reputation. *J.K. v. Minneapolis Pub. Sch.*, 849 F. Supp. 2d 865, 878 (D. Minn. 2011). However, the Due Process Clause does not protect a person's reputation alone; instead, to make out a reputation-based procedural-due-process claim, Plaintiff must state a "stigma-plus" claim. *Id*. A "stigma-plus" claim requires that Plaintiff establish that SPCPA's actions caused him two types of harm—damage to his reputation and a tangible burden of some kind. *Id*. Plaintiff points to the action of private third parties in attempt to allege the "stigma-plus" required. For example, Plaintiff asserts that the tangible burden of SPCPA's decision to suspend him resulted in harassment by other students, threats of violence, protests, and ultimately his exclusion from the school. Plaintiff, however, cannot point to the actions of private persons to assert a due process claim against SPCPA. *See J.K.*, 849 F. Supp. 2d at 879 ("[T]o succeed on his claim that his suspension deprived him of his liberty interest in his

---

[4] To the extent that Plaintiff alleges a substantive due process claim, that claim also fails. In order for Plaintiff to prevail on a substantive due process claim, he must establish that the "government's actions either shock the conscience or offend judicial notions of fairness and human dignity." *Costello v. Mitchell Pub. Sch. Dist. 79*, 266 F.3d 916, 921 (8th Cir. 2001) (citation omitted). Courts have recognized the "extremely high" threshold for such claims in relation to student discipline. *See, e.g.*, *J.M. v. Hopkins Sch. Dist.*, Civ. No. 01-2124, 2003 WL 41639, at *5 (D. Minn. Jan. 3, 2003). Even assuming that all facts in the Complaint are true and construing all reasonable inferences in the light most favorable to Plaintiff, the allegations in this case do not rise to level required to state a substantive due process claim.

reputation, [Plaintiff] will have to show that the District caused damage through a communication that it made about that suspension; the District cannot be held responsible for the statements of others, such as students and their parents."). Plaintiff asserts that both peers and adults at school and in the performing arts community knew Plaintiff's identity and details about the allegations against him. Plaintiff seems to suggest that SPCPA, therefore, must have disclosed private information about Plaintiff. (Doc. No. 32 at 4.) However, any such allegation is speculative and fails to meet the pleading standard. *See Dunbar v. Wells Fargo Bank, N.A.*, 853 F. Supp. 2d 839, 848 (D. Minn. 2012).

For the above reasons, the Court grants SPCPA's motion to dismiss Count One.

### III. Monell Claim

Plaintiff's claims are asserted against SPCPA and not against an individual employee at SPCPA. A governmental entity, however, cannot be held liable under § 1983 on a respondeat superior theory. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). For municipal liability to attach under § 1983, a plaintiff must prove that a policy or custom was the "moving force [behind] the constitutional violation." *Id*. at 694. Plaintiff does not specifically allege a *Monell* claim, or even mention *Monell* in his Complaint, but maintains that he has properly asserted such a claim. Plaintiff argues that the SPCPA has engaged in an unconstitutional custom by denying Plaintiff minimal due process and persisting in denying him due process consistent with its harassment policy by ignoring Plaintiff's complaints about bullying and harassment by other students after

his suspension. However, as discussed above, Plaintiff has failed to allege an underlying violation of a constitutional right by any SPCPA official. *See Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007) (explaining that without a constitutional violation by an individual, there can be no *Monell* liability). For this reason alone, Plaintiff's *Monell* claim fails.[5]

## IV. Intrusion Upon Seclusion--Invasion of Privacy

In Count Three, Plaintiff alleges a claim for intrusion upon seclusion, a specific type of invasion of privacy. (Compl. ¶¶ 70-76.) Plaintiff argues that SPCPA violated his privacy rights when it failed to provide Plaintiff minimal due process, access to the policies and procedures that would have afforded him greater due process, and greater due process due to him. In addition, Plaintiff argues that SPCPA acquiesced in the false allegations, disclosed the false allegations to law enforcement, and refused to respond to Plaintiff's complaints of harassment that ultimately resulted in Plaintiff's departure from the school. At the crux of Plaintiff's claim is the allegation that given the "uncannily accurate disclosures by [Plaintiff's] peers in social media, it is reasonable to conclude that accurate, private facts regarding the length of [Plaintiff's] suspension were disclosed" by SPCPA administrators to the complaining students. (Doc. No. 22 at 12.)

---

[5] Plaintiff sought to amend his Complaint to allege that SPCPA failed to comply with its Title IX requirements, and in particular that SPCPA did not follow its Title IX policies with regard to Plaintiff's own complaints of harassment. However, the Magistrate Judge denied Plaintiff's motion for leave to add a claim under Title IX. (Doc. No. 58.)

11

An intrusion-upon-seclusion claim requires that "one intentionally intrude, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns. . . ." *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 233 (Minn. 1998) (quotation omitted). "The tort has three elements: (a) an intrusion; (b) that is highly offensive; and (c) into some matter in which a person has a legitimate expectation of privacy." *Swarthout v. Mut. Serv. Life Ins. Co.*, 632 N.W.2d 741, 744 (Minn. App. 2001). To meet the "highly offensive" threshold, a plaintiff must show that the interference is "substantial," i.e., "of a kind that would be highly offensive to the ordinary reasonable person, as the result of conduct to which the reasonable person would strongly object." *Id.* at 745 (quotation omitted).

Here, Plaintiff did not have a reasonable expectation of privacy with regard to the actions of his fellow students. *See, e.g.*, *Bd. of Educ. of Indep. Sch. Dist. 92 v. Earls*, 536 U.S. 822, 830 (2002); *Lehman v. Zumbrota-Mazeppa Pub. Sch.*, Civ. No. A04-1226, 2005 WL 894756, at *4 (Minn. App. 2005) (requiring an affirmative act by the defendant in obtaining information). Moreover, as noted above, Plaintiff's allegations that SPCPA must have disclosed private information to third-parties are purely speculative and cannot support this claim.[6] Finally, there is simply no factual support for the contention that SPCPA's decision to investigate Plaintiff's alleged misconduct is "highly offensive."

---

[6] The Court notes that it does not condone the actions of the third parties for any actions that could be described as harassing, but such actions are not actionable in the context of this lawsuit.

12

The Court concludes that Plaintiffs have not stated a claim for invasion of privacy and Count Three is properly dismissed.

## CONCLUSION

For the reasons stated above, the Court dismisses all three claims in the Complaint. However, the Magistrate Judge granted Plaintiff leave to amend the Complaint to add a claim of negligence. Therefore, Plaintiff's negligence claim remains.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that SPCPA's Motion to Dismiss (Doc. No. [16]) is **GRANTED** and all claims discussed herein are **DISMISSED WITH PREJUDICE**.

Dated: June 25, 2018s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge