UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re the Matter of John Doe, by and through his parents, James Doe and Jane Doe, | Civil No. 17-5032 (DWF/BRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Saint Paul Conservatory for the Performing Arts,[1] | |
| Defendant. | |

Margaret O'Sullivan Kane, Esq., Kane Education Law, LLC, counsel for Plaintiff.

Christian R. Shafer, Esq., and Timothy A. Sullivan, Esq., Ratwik, Roszak & Maloney, PA, counsel for Defendant.

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss, brought by Defendant St. Paul Conservatory for Performing Artists ("SPCPA"). (Doc. No. 66.) In addition, the Court considers Plaintiff's Motion for Leave to Amend Complaint. (Doc. No. 81.) For the reasons set forth below, the Court denies Plaintiff's motion for leave to amend and grants SPCPA's motion to dismiss.

---

[1] It appears that Defendant's correct name is Saint Paul Conservatory for Performing Artists.

# BACKGROUND

The background of this case has been set forth in prior orders. The Court briefly summarizes the relevant facts. SPCPA is a public charter school. (Doc. No. 63 ("Am. Compl.") ¶ 7.) At all relevant times, Plaintiff John Doe ("Plaintiff"), by and through his parents, James Doe and Jane Doe, was a student enrolled at SPCPA. (*Id*. ¶¶ 4-5.) SPCPA prohibits harassment or violence on the basis of sex and its policy imposes a 5-day suspension for a first offense. (Pl's Ex. 3 at 25, 29.)

On October 9, 2017, SPCPA's dean informed Plaintiff that three female students complained that he had touched them inappropriately. (Am. Compl. ¶ 12; Pl's Ex. 8 (Notice of Suspension).) Plaintiff denied the allegations. (Am. Compl. ¶ 12.) The dean noted that Plaintiff eventually admitted to "touching multiple female students," while he denied other aspects of the students' allegations and said he was not aware his behavior had bothered them. (Pl's Ex. 7 (Dean Raleigh Notes).) That day, SPCPA informed Plaintiff and his parents that he would be suspended for three days. (Am. Compl. ¶ 15.)

Following his suspension, Plaintiff was the target of bullying on social media. (*Id*. ¶ 21.) One week later, on October 16, 2017, Plaintiff returned to school. (*Id*. ¶ 26.) He was "ostracized by his peers . . . because of the stigmatizing allegations." (*Id*. ¶ 32.) On the morning of October 25, 2017, Plaintiff was confronted by protesters on his way into school. (*Id*. ¶ 33.) The next day, he stopped attending SPCPA. (*Id*. ¶ 35.)

Plaintiff commenced this action on November 6, 2017. (Doc. No. 1.) He originally brought two claims under 42 U.S.C. § 1983 for the denial of due process, and

one invasion of privacy claim. On February 8, 2018, Plaintiff moved to amend his complaint, seeking to add (1) a Title IX claim alleging that he was denied due process because of his sex, and (2) a state common-law negligence claim. (Doc. No. 29.) Magistrate Judge Franklin L. Noel denied Plaintiff leave to bring the Title IX claim and granted Plaintiff leave to bring a negligence claim. (Doc. No. 58 (the "Magistrate Judge's Order").) On June 25, 2018, this Court dismissed Plaintiff's original complaint with prejudice while noting that Plaintiff's negligence claim remained. (Doc. No. 61.)

On July 17, 2018, Plaintiff filed his Amended Complaint, asserting a single count of negligence against SPCPA. (Am. Compl. ¶¶ 55-58.) On July 27, 2018, Defendants filed the present motion to dismiss. And despite the Magistrate Judge's Order, on October 1, 2018, Plaintiff again sought leave to add a Title IX claim. (Doc. No. 81.)

## DISCUSSION

### I. Motion to Amend

The Court has discretion to grant a plaintiff leave to amend a complaint and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, there is no absolute right to amend, and the Court may deny leave to amend where there is "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). An amendment is considered futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure." *Cornelia I. Crowell GST Trust v. Possis Medical, Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

The Magistrate Judge determined that Plaintiff's proposed Title IX claim, which was based on allegations that SPCPA denied Plaintiff the protections of its Title IX policies because of his gender and sex, was conclusory. (Magistrate Judge Order at 8-9.) The Magistrate Judge found Plaintiffs' proposed Title IX claim to be "wholly void of any facts" and, therefore, futile. (*Id.* at 9.) Plaintiff did not object to or seek reconsideration of the Magistrate Judge's Order. Plaintiff now seeks to file a Proposed Second Amended Complaint adding a Title IX claim based both on SPCPA's "prior actions and recent investigation." (Doc. No. 85 at 2.) SPCPA opposes Plaintiff's motion, arguing that the motion is dilatory, the motion is an improper attempt to revisit the Magistrate Judge's prior order, and the proposed Title IX claim is futile.

The Court has reviewed both Plaintiff's first proposed Amended Complaint and Plaintiff's Proposed Second Amended Complaint. Both contain nearly identical allegations with respect to the events that occurred while Plaintiff was a student at SPCPA. These include allegations related to SPCPA's anti-harassment and discrimination policies, SPCPA's investigation into the allegations against Plaintiff, and SPCPA's response to Plaintiff's complaints of harassment. (*See, e.g.*, Doc. No. 81-1 ¶¶ 12, 13, 15.) Similar to the Title IX claim that was deemed futile, Plaintiff again alleges that SPCPA violated Title IX by failing to publish its own Title IX regulations or make them available to Plaintiff and his parents, to follow its own Title IX policies in

investigating the allegations against Plaintiff, and to follow its own Title IX policies with regard to Plaintiff's complaints of harassment and violence. (Doc. No. 81-2 ¶¶ 67-68.) In addition, Plaintiff again alleges that SPCPA's actions were premised on Plaintiff's gender and sex.

The main difference in Plaintiff's current proposed pleading is new factual allegations related to SPCPA's investigation into complaints made about Plaintiff after he was suspended in October 2017. (*See generally id.* ¶¶ 36-39.) The complaints were received during the 2017-2018 school year. (Doc. No. 82 ("Kane Decl.") ¶ 1, Ex. 19.) In August 2018, SPCPA offered Plaintiff the opportunity to participate in an interview and provide a defense. (*Id.*) Plaintiff declined. (*Id.*) The investigation substantiated eight out of ten complaints. (*Id.*) However, because Plaintiff was no longer a student at SPCPA, no disciplinary action was taken, and SPCPA told Plaintiff that the investigation would not be included in his disciplinary file or transmitted to any other educational institution. (*Id.*) Based on these new allegations regarding this investigation, Plaintiff again attempts to assert a Title IX claim.

At the heart of Plaintiff's proposed Title IX claim are allegations that SPCPA's actions in investigating and discipling Plaintiff were based on Plaintiff's gender and sex. However, the new factual allegations, which are focused on SPCPA's conclusion of the second investigation, do not materially change Plaintiff's futile Title IX claim. The allegations that SPCPA's actions were based on Plaintiff's gender or sex continue to be conclusory. Moreover, Plaintiff has failed to plead any facts that would cast doubt as to

the accuracy of the outcome of Plaintiff's disciplinary proceeding or to support that the process or outcome was based on gender or sex bias. Simply put, the proposed Title IX claim would not survive a motion to dismiss and is, therefore, futile.

The Court separately notes that Plaintiff's motion for leave to amend, in essence, amounts to a motion for reconsideration of the Magistrate Judge's Order. Such a motion is improper, as Plaintiff did not seek required permission to file the motion. And even if Plaintiff had properly requested permission, the Court would have denied the request because Plaintiff has not made the necessary showing of compelling circumstances. *See* D. Minn. L.R. 7.1(j); *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993) (explaining that a motion to reconsider should not be employed to relitigate old issues, but rather to "afford an opportunity for relief in extraordinary circumstances").

For the above reasons, the Court denies Plaintiff's motion for leave to file a second amended complaint.

## II.     Motion to Dismiss

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v.*

*City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

Federal courts have original jurisdiction over a plaintiff's claims if: (1) the claims arise under federal law; or (2) there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331-1332. The Court looks to the face of the Amended Complaint to resolve issues regarding subject matter jurisdiction. *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) (noting that when a plaintiff files an amended complaint, the original complaint is superseded and has no legal effect). In the operative Amended Complaint, Plaintiff's only cause of action is for negligence against SPCPA. Plaintiff's Amended Complaint does not assert any

claims within the original jurisdiction of the Court. Indeed, Plaintiff acknowledges that the "Court no longer has original jurisdiction" over Plaintiff's claims. (Am. Compl. ¶ 2 ("This Court no longer has original jurisdiction.").) Plaintiff instead requests that the Court exercise supplemental jurisdiction over his state-law negligence claim or, if the Court is inclined to dismiss the claim, to do so without prejudice.

Supplemental jurisdiction is permitted when the Court possesses original jurisdiction over other claims. 28 U.S.C. § 1367. Here, the Court does not possess original jurisdiction over any asserted claim and, therefore, cannot exercise supplemental jurisdiction over Plaintiff's negligence claim. Even if it could, the Court would decline to do so because Plaintiff's only claim is a state-law claim and no other asserted claims that the Court would have jurisdiction over remain or are viable. Accordingly, the Court grants SPCPA's motion to dismiss and dismisses Plaintiff's claim without prejudice.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to Amend Complaint (Doc. No. [81]) is **DENIED.**

2. SPCPA's Motion to Dismiss Amended Complaint (Doc. No. [66]) is **GRANTED**.

3. Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 18, 2018  s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge